PEOPLE v PARKER

Docket No. 62767. Submitted August 3, 1983, at Grand Rapids.— Decided April 2, 1984.

Dennis E. Parker was charged with five counts of assault with intent to commit murder and one count of felony-firearm and was convicted of three counts of felonious assault and one count of felony-firearm, Calhoun Circuit Court, Stanley E. Everett, J. Defendant appealed raising numerous issues. *Held:*

1. The trial court did not err in failing to repeat the intent instruction to the jury in connection with instructions on felonious assault where the instruction was properly given previously in connection with assault with intent to commit murder.

2. The trial court failed to define "dangerous weapon" for the jury, but no reversible error occurred since the defendant admitted shooting three people with a pistol.

3. The trial court did not err in refusing to give an instruction on the defense of insanity where there was no evidence of mental illness.

4. The trial court did not err in providing the jury with supplemental written jury instructions, which the jury requested, without providing a self-defense instruction which the jury did not request.

5. Defendant was not denied a fair trial by his attorney's failing to present an insanity defense. It did not appear to the Court of Appeals that the failure to produce the evidence on that issue deprived defendant of a reasonably likely chance for acquittal.

6. Conviction of both felonious assault and felony-firearm

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 592, 630, 719.
[2] 6 Am Jur 2d, Assault and Battery §§ 48, 53.
    75 Am Jur 2d, Trial § 701.
[3] 75 Am Jur 2d, Trial § 738.
[4] 21A Am Jur 2d, Criminal Law § 985.
    Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

does not violate the constitutional prohibition against double jeopardy.

Affirmed.

SHEPHERD, J., dissented in part. He believes that the record is *not clear as to whether or not a more complete insanity defense could have been developed.* He would remand for further hearings and findings by the trial court on that issue.

1. ASSAULT AND BATTERY — INTENT — JURY INSTRUCTIONS — FELONIOUS ASSAULT.

A trial court does not err in failing to repeat the intent instruction to the jury in connection with instructions on felonious assault where the instruction was properly given previously in connection with assault with intent to commit murder.

2. APPEAL — MISCARRIAGE OF JUSTICE — JURY INSTRUCTIONS — DANGEROUS WEAPONS.

No miscarriage of justice occurs in a trial for felonious assault where the court fails to instruct the jury on the definition of "dangerous weapon" but the defendant admitted shooting three people with a pistol.

3. CRIMINAL LAW — INSANITY — JURY INSTRUCTIONS.

A trial court does not err in refusing to give an instruction on the defense of insanity where there is no evidence of mental illness.

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL — NEW TRIAL.

A criminal defendant is not denied effective assistance of counsel where defense counsel performs at least as well as a lawyer of ordinary skill and training in the criminal law; where the defendant, from hindsight, alleges that certain action by counsel so deprived him of effective assistance but the record reveals that the reasons underlying such action would appear sound to a competent criminal attorney, the assistance of counsel is not constitutionally defective; however, where a defense counsel's performance satisfies the constitutional minimum but the counsel makes a serious mistake, but for which the defendant reasonably might have been acquitted, a new trial is required.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Michael J. Berezowsky,* Assistant Prosecuting Attorney, for the people.

*Wilcox & Robinson, P.C.* (by *Joseph V. Wilcox*), for defendant.

Before: V. J. BRENNAN, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

V. J. BRENNAN, P.J. Defendant was charged with five counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). After a jury trial, the defendant was convicted of three counts of felonious assault, MCL 750.82; MSA 28.277, and one count of felony-firearm. The defendant was sentenced to three concurrent terms of two to four years imprisonment for the felonious assault convictions and a consecutive, two-year prison term for the felony-firearm conviction.

Defendant raises several claims regarding the trial court's instructions to the jury. We have reviewed the alleged errors and find that none merit reversal of the defendant's convictions.

First, the defendant contends that the trial court's failure to repeat the intent requirement for assault when instructing the jury on felonious assault was reversible error, even in the absence of a defense request or objection. In *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), the Supreme Court held that, where the defendant is charged with felonious assault, "the jury should be instructed that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery". In the present case, the trial court recited this instruction verbatim during its instructions on the more serious assault offenses.

* Circuit judge sitting on the Court of Appeals by assignment.

Because jury instructions must be read as a whole, and because the trial court's instructions included a correct recitation of the intent requirement of assault, we find no error on the part of the trial court by not repeating the instruction in conjunction with its instructions on felonious assault.

Second, the defendant claims that the trial court's failure to define a "dangerous weapon" in its instructions on felonious assault was reversible error, even though the defendant admitted shooting three persons with a pistol. We find no reversible error. The defendant's failure to request the instruction and his failure to object to the trial court's failure to define "dangerous weapon" precludes appellate review absent a miscarriage of justice. No injustice resulted from the omission of the definition of a dangerous weapon since the defendant admitted shooting a pistol at the several victims and there was no issue as to the danger posed by the weapon.

Third, the defendant claims that the trial court's failure to define the words "felony" and "firearm" and its failure to use the standard jury instruction in its instruction on felony-firearm constituted reversible error. We disagree. A fair reading of the felony-firearm instruction reveals no error. *People v Doss,* 122 Mich App 571, 578; 332 NW2d 541 (1983).

Next, the defendant argues that he was entitled to jury instructions on insanity and the trial court erred by removing the issue of insanity from the jury even before the defendant presented his formal proofs. We have reviewed the defendant's arguments and find them to be without merit. After the defendant and a clinical psychologist testified as defense witnesses, the trial court announced its intention not to instruct the jury on

the defense of insanity, although it had issued an insanity instruction in its preliminary charge to the jury. The court based its ruling upon the total absence of evidence of mental illness. The court also refused to admit the testimony of two lay witnesses on the issue because defense counsel had failed to give notice of the witnesses. Because there was no evidence of mental illness or insanity, the trial court properly refused to instruct on the insanity issue. MCL 768.29a(2); MSA 28.1052(1)(2). The trial court did instruct the jury on the diminished capacity defense. Further, the trial court properly excluded lay testimony as to the defendant's insanity since the defendant failed to give notice of the witnesses who would testify. MCL 768.21(1); MSA 28.1044(1). It is noteworthy that two policemen did testify, on behalf of the defendant, as to the defendant's mental state following the commission of the offenses.

The defendant's last claim regarding jury instructions is that the trial court erred by providing the jury with supplemental written jury instructions, which the jury requested, without providing a self-defense instruction which the jury did not request. We find no error. The court's instructions were responsive to the jury's request and not misleading in any way. The defendant was not prejudiced by the failure to repeat the instruction on self-defense. *People v Sauerbier,* 173 Mich 521, 522; 139 NW 260 (1913).

The defendant also claims that he was denied the effective assistance of counsel by his attorney's failure to include the names of two lay witnesses in his notice of insanity defense. The defendant argues that defense counsel made a grave error in failing to give proper notice of the names of two police Defendant maintains that he was seriously

prejudiced by this failure because both witnesses knew the defendant well and counsel's omission deprived the defendant of his only real defense.

Defendant does not argue that the overall assistance rendered by his trial attorney was ineffective. Rather, it is claimed that his failure to properly investigate the insanity issue and to give notice of the names of the police officers was a grave mistake which denied defendant a fair trial. Defendant is entitled to a new trial if this omission by defense counsel deprived him of a reasonably likely chance for acquittal. *People v Garcia,* 398 Mich 250, 266; 247 NW2d 547 (1976); *People v Peery,* 119 Mich App 207, 215; 326 NW2d 451 (1982).

A criminal defendant is denied effective assistance of counsel by his attorney's failure to properly prepare a meritorious insanity defense. *People v McDonnel,* 91 Mich App 458; 283 NW2d 773 (1979); *People v Bryant,* 77 Mich App 108; 258 NW2d 162 (1977); *People v Tumekin,* 49 Mich App 262; 212 NW2d 38 (1973). In each of the cited cases, defendant had an extensive history of mental instability, yet defense counsel either failed entirely to assert an insanity defense, or did not adequately prepare the defense for trial. Where the defendant has no such history, this Court has found that similar failures by defense counsel did not furnish a basis for a grant of a new trial. *People v Blue,* 114 Mich App 137; 318 NW2d 498 (1982); *People v Anderson,* 112 Mich App 640; 317 NW2d 205 (1981). In the present case, defendant had no history of mental problems of any sort. There was no indication of insanity. Even defendant's expert witness testified that he was responsible for his behavior.

Further, counsel's failure to list the names of

the policemen on his notice of insanity defense cannot form the basis for relief in the present case, since the officers did testify at trial as to their impressions of defendant's mental state. It is unlikely that further testimony by the officers would have resulted in acquittal, even if they had testified more directly to the issue of insanity, rather than diminished capacity. We conclude that the mistake raised by defendant on appeal did not deprive him of a reasonably likely chance for acquittal.

The defendant's final claim of error, that his convictions for felonious assault and felony-firearm violate the constitutional prohibition of double jeopardy, is without merit. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Affirmed.

E. A. Quinnel, J., concurred.

Shepherd, J. *(concurring in part and dissenting in part).* I concur in the majority opinion with the exception of that portion which deals with the effective assistance of counsel. Defendant claims that his attorney failed to properly prepare a meritorious insanity defense. The record indicates that there was evidence of extreme provocation when defendant's property was being systematically destroyed by a gang employed by his wife. Defendant's theory is that he lost control of his senses as a result of such provocation. Whether a more complete insanity defense could have been developed is not clear from the record, but I am able to conclude that a strong probability exists that evidence could have been developed to show that the defendant was suffering from a substantial disorder of thought or mood which signifi-

cantly impaired his judgment, behavior, capacity to recognize reality, or his ability to cope with the situation he found at the scene of the crime. The preceding language is taken directly from MCL 330.1400a; MSA 14.800(400a).

Since there was no real development of this issue, I would remand for a hearing in the trial court at which there would be a determination of whether the insanity defense could have been developed and for a ruling, after an evidentiary hearing as to why it was not. The trial court would then make a determination of whether the defendant received adequate assistance of counsel. See *People v Lewis,* 64 Mich App 175; 235 NW2d 100 (1975).