PEOPLE v NEWTON

Docket No. 81755. Submitted May 7, 1986, at Lansing. Decided June 17, 1986. Leave to appeal applied for.

Defendant, John E. Newton, was convicted following a bench trial in the Saginaw Circuit Court of one count of armed robbery, three counts of assault with intent to commit murder, one count of possession of a firearm in the commission of a felony, and one count of carrying a concealed weapon. The trial court, Robert S. Gilbert, J., sentenced defendant to imprisonment for from ten to fifteen years on the robbery count, from twenty to forty years on each assault count, from three to five years on the concealed weapon count, and two years on the felony-firearm count. Defendant appeals. *Held:*

1. The trial court did not err in concluding that the requisite intent to commit assault with intent to commit murder could be inferred from defendant's pointing and aiming the gun at the police officers from twenty-five to thirty feet away and the fact that he fired all six rounds.

2. Defendant's double-jeopardy interests were not violated as a result of defendant's convictions for both felony-firearm and carrying a concealed weapon.

3. Defendant's failure to raise an objection in the trial court to the scoring of the Sentencing Information Report precludes appellate review of his claim that the trial court improperly scored the report.

4. Defense counsel's failure to challenge in the trial court the finding of defendant's competency to stand trial and failure to pursue an insanity defense did not constitute the ineffective assistance of counsel. The Court of Appeals also disagreed with defendant's contention that defense counsel was ineffective at

REFERENCES

Am Jur 2d, Appeal and Error §§ 165, 807.

Am Jur 2d, Criminal Law §§ 71-80, 130, 266, 967 *et seq.,* 984 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Appeal and Error; Assistance of Counsel; Former Jeopardy.

sentencing for failing to argue defendant's mental state as a mitigating factor.

5. Defendant's motion for an appellate forensic examination was denied by the Court of Appeals.

Affirmed.

1. CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — INTENT.

The requisite intent necessary for a conviction for assault with intent to commit murder may be inferred from the circumstances.

2. CRIMINAL LAW — DOUBLE JEOPARDY — FELONY-FIREARM — CARRYING A CONCEALED WEAPON.

The felony-firearm statute provides that the offense of carrying a concealed weapon may not be used as the predicate felony to support a felony-firearm conviction; the statute does not provide that a defendant may never be convicted of both offenses as a result of actions during the same criminal escapade (MCL 750.227b[1]; MSA 28.424[2][1]).

3. CRIMINAL LAW — APPEAL — SENTENCING — PRESERVING QUESTION.

Appellate review of a defendant's argument regarding the trial court's scoring of a Sentencing Information Report is precluded where the defendant raised no objection in the trial court to the scoring of the report.

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL.

A failure to prepare and pursue a meritorious insanity defense constitutes the ineffective assistance of counsel; however, the Court of Appeals will not reverse a conviction on this basis if it is persuaded that there is little chance of success had the insanity defense been raised or where the failure to raise an insanity defense is a question of trial strategy.

5. APPEAL — CRIMINAL LAW — ASSISTANCE OF COUNSEL.

There is no requirement that a defendant on appeal be competent to assist counsel in preparing the defendant's appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Christopher S. Boyd,* Prosecuting Attorney, and *Jeffrey D. Stroud,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Kim Robert Fawcett*), for defendant on appeal.

Before: Cynar, P.J., and R. B. Burns and F. X. O'Brien,* JJ.

Per Curiam. Defendant appeals following his conviction of one count of armed robbery, MCL 750.529; MSA 28.797, three counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, one count of felony-firearm, MCL 750.227b; MSA 28.424(2), and one count of carrying a concealed weapon (ccw), MCL 750.227; MSA 28.424. Defendant was sentenced to from ten to fifteen years imprisonment on the robbery count, from twenty to forty years on each assault count, from three to five years on the ccw count, and two years on the felony-firearm count.

Defendant's convictions arise from an armed robbery of a Saginaw convenience store. On the night in question, defendant entered the store, drew a revolver and demanded money from the two clerks on duty. After receiving a bag full of money, defendant fled the store. One clerk summoned the police with a silent alarm and then went out of the store to see in which direction defendant had left. After defendant turned a corner, the clerk got into his car and followed defendant. During the clerk's pursuit of defendant, two police cars arrived and gave chase after the defendant. During the chase, defendant pulled his revolver and fired several rounds at the officers.

Defendant first argues that the trial court erred in convicting him of assault with intent to commit murder as there was insufficient evidence that defendant possessed the requisite intent. The intent may be inferred from the circumstances. *People v Fields,* 64 Mich App 166; 235 NW2d 95 (1975). In this case, the trial court found that the requisite intent was supported by the factual find-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ings of defendant's pointing and aiming the gun at the officers from twenty-five to thirty-five feet away and that he fired all six rounds. We do not believe that the trial court's conclusion was erroneous.

Next, defendant argues that his convictions for both felony-firearm and ccw constitute double jeopardy. We disagree, though we recognize that a conflict exists in this Court on the issue.[1] While ccw may not be used as the predicate felony to support a felony-firearm conviction,[2] this does not mean it is impossible to commit both offenses during the same criminal escapade. In this case, the record indicates that defendant was carrying a concealed weapon and that he also possessed that weapon during the commission of four subsequent felonies. Although we recognize that *People v Sturgis*, 130 Mich App 54; 343 NW2d 230 (1983), lv gtd 422 Mich 857 (1985), lacks precedential value while the appeal in that case is pending in the Supreme Court,[3] we nevertheless believe that the *Sturgis* analysis is correct. We conclude, therefore, that defendant's double-jeopardy interests were not violated.

Defendant's next argument is that the trial court improperly scored the Sentencing Information Report (sir). However, defendant raised no objection in the trial court to the scoring of the sir, thus precluding appellate review. *People v Jones*, 147 Mich App 292; 382 NW2d 772 (1985); *People v Jannifer Williams*, 147 Mich App 1; 382 NW2d 191 (1985).

Finally, defendant argues that he was denied

[1] Compare *People v Carter*, 96 Mich App 694; 293 NW2d 681 (1980) (conviction for both offenses constitutes double jeopardy) and *People v Sturgis*, 130 Mich App 54; 343 NW2d 230 (1983), lv gtd 422 Mich 857 (1985).

[2] See MCL 750.227b(1); MSA 28.424(2)(1).

[3] See *People v Phillips*, 416 Mich 63, 74-75; 330 NW2d 366 (1982).

due process by the denial of his motion to remand and motion for appellate forensic referral. Defendant claims a remand and forensic evaluation are necessary to determine if defendant was competent to stand trial, whether he received effective assistance of counsel, and whether defendant is competent to assist in his appeal.

First, defendant argues that his trial counsel's failure to challenge the finding of defendant's competency to stand trial and the failure to pursue an insanity defense constitute ineffective assistance of counsel. We disagree. Trial counsel did pursue and receive a forensic referral to determine defendant's competency to stand trial. The examiner opined that defendant was, in fact, competent. Although a failure to prepare and pursue a meritorious insanity defense constitutes ineffective assistance of counsel, this Court will not reverse a conviction on this basis if it is persuaded that there is little chance of success had the insanity defense been raised. *People v Parker,* 133 Mich App 358; 349 NW2d 514 (1984); *People v Anderson,* 112 Mich App 640; 317 NW2d 205 (1981). See also *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976) (reversal required only if there is a reasonably likely chance of acquittal absent defense counsel's mistake). Similarly, we will not reverse where failure to raise an insanity defense is a question of trial strategy. *People v Lotter,* 103 Mich App 386; 302 NW2d 879 (1981).

We have reviewed the record supplied to us and there is no basis for concluding that, had an insanity defense been pursued, there was a reasonably likely chance of acquittal. First, defendant's testimony and statements to the trial court do not appear obviously irrational. In fact, defendant at sentencing clearly brought the court's attention to alleged inaccuracies in the presentence report,

which the trial court accepted in part. Further, the manner in which the crime was committed does not indicate it was the product of an obviously irrational mind. It appears to have been well planned, including both disguise and weaponry, and defendant fled the scene and attempted to elude the officers. In fact, had the store clerk not given chase, defendant may have been able to escape capture. Finally, the forensic examination found defendant competent to stand trial. With this in mind, we cannot conclude that trial counsel seriously erred in abandoning a strategy of an insanity defense following the filing of the forensic evaluation.

Defendant also argues that defense counsel was ineffective at sentencing for failing to argue defendant's mental state as a mitigating factor. We disagree. There is no basis to believe such an argument would have affected the trial court's sentence nor was there any evidence on the record to support counsel's making of such an argument.

Finally, we turn to defendant's argument that this Court should make a referral for a forensic examination to determine if defendant is competent to assist counsel in pursuing an appeal. This appears to be a novel issue supported by neither statute nor case law. However, we have given the issue full consideration and concluded that it would be unwise to require that defendants on appeal be competent to assist counsel in preparing their appeal.

Assuming that a defendant is incompetent to assist in his appeal, the only remedy this Court could fashion would be to hold a defendant's appeal in abeyance until the defendant regained his competency. Under these circumstances, this Court would not be able to consider even clearly reversible error that counsel could bring to this

Court's attention. Such a circumstance would work to a defendant's detriment. While it would be advantageous for every defendant to be competent to assist in the preparation of his appeal, we conclude that it is best that an appeal proceed regardless of a defendant's competency. If such an appeal is unsuccessful and a defendant subsequently regains his competency and discovers additional issues which should have been raised previously and were not, that defendant may, of course, file an application for delayed appeal asking this Court to consider those additional issues.

Accordingly, defendant's motion for appellate forensic examination is again denied.

Affirmed.