615 So.2d 1334 (1993)
Lancaster DUGAR, Next Friend to Troy Lancaster Dugar
v.
John WHITLEY, Warden.
No. 92-KD-1964.
Supreme Court of Louisiana.
April 2, 1993.
PER CURIAM:
The petitioner's father filed an application for post conviction relief in the 20th Judicial District Court seeking to vacate his son's conviction for first degree murder and sentence of death on grounds that petitioner presently lacks the capacity to proceed with his appeal in this Court, State v. Dugar, 615 So.2d 1333 (La.1993), and will never recover his competency. The petitioner's incapacity, his father argues, deprives him of his right to appellate review of his capital sentence mandated by La. C.Cr.P. art. 905.9. The petitioner's father ultimately seeks civil commitment for his son.
The district court denied the application on grounds that proper venue lies in the 14th Judicial District where petitioner was tried and convicted. The petitioner has sought review of that ruling in this Court, contending that the 20th Judicial District has venue to consider the merits of his claim despite the appeal in this Court. See La.C.Cr.P. arts. 351, 363, 924.1. The appeal has been pending since this Court issued an order on March 10, 1988, staying all further proceedings and directing the district court in the 14th Judicial District to conduct an evidentiary hearing on the question *1335 of the petitioner's competency. On December 14, 1988, the district court ruled that the petitioner lacked the capacity to proceed. The petitioner remains on death row under medical treatment in the penitentiary at Angola.
Petitioner's pending appeal gives this Court, and not the district courts, jurisdiction over this case. La.C.Cr.P. art. 916; cf., La.C.Cr.P. arts. 363, 924.1. To that extent, the district court in the 20th Judicial District properly denied petitioner's application. We also find on the merits that the petitioner's present circumstances do not require abatement of the prosecution against him. Counsel may proceed with an appeal on petitioner's behalf despite the district court's finding of incompetence. People v. Kelly, 1 Cal.4th 495, 3 Cal. Rptr.2d 677, 822 P.2d 385 (1992); State v. White, 168 Ariz. 500, 815 P.2d 869 (1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992); People v. Newton, 152 Mich.App. 630, 394 N.W.2d 463 (Ct. App.1986), vacated on other grounds, 428 Mich. 855, 399 N.W.2d 28 (1987). See also Whitmore v. Arkansas, 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); ABA Criminal Justice Mental Health Standards (1989), Standard 7-5.4(c).
We have this date issued an order in petitioner's appeal reducing his death sentence to a term of life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. See Thompson v. Oklahoma, 487 U.S. 815, 108 S.Ct. 2687, 101 L.Ed.2d 702 (1988); State v. Stone, 535 So.2d 362 (La.1988). We have also transferred relator's appeal in this Court to the Court of Appeal, Third Circuit. The present application filed on the defendant's behalf is accordingly denied.