# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

COREY O'NEIL WATSON,

       Defendant-Appellant.

UNPUBLISHED
February 10, 2015

No. 306989
Wayne Circuit Court
LC No. 11-002920-FC

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of first-degree premeditated murder, MCL 750.316(1)(a), two counts of assault with intent to commit murder, MCL 750.83, intentional discharge of firearm at dwelling or occupied structure, MCL 750.234b, and felony-firearm, MCL 750.227b. We affirm.

This case involves two street gangs, Killers Mean Business (KMB) and Second to None (220), and an incident that resulted in the death of Reese Williams, a member of 220. During a party for a KMB member, a fight broke out between members of the two gangs. Shots were fired and the party dispersed. Later on, while Williams was driving his vehicle with other members in his car, gunshots were heard coming from the direction of a house that was a hangout for 220 members. Williams began driving toward the hangout and, as he passed by a nearby alley, he was shot through the vehicle. He ultimately died from the bullet that penetrated his heart and both lungs. Defendant was identified by witnesses as the shooter.

On appeal, defendant argued that his mandatory life sentence without parole for first-degree murder violated the Eighth Amendment. See *Miller v Alabama*, 567 US ___; 132 S Ct 2455, 2475; 183 L Ed 2d 407 (2012). He concedes, however, that this issue is moot because he was subsequently resentenced to 36 to 60 years' imprisonment for his first-degree murder conviction.

Defendant also argues that a supplemental jury instruction provided in response to a juror's question during deliberations was improper. We disagree.

"This Court reviews de novo claims of instructional error." *People v Dupree*, 284 Mich App 89, 97; 771 NW2d 470 (2009). "[J]ury instructions that involve questions of law are also reviewed de novo." *People v Schaefer*, 473 Mich 418, 427; 703 NW2d 774 (2005). A trial

-1-

court's decision regarding whether a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006).

The court initially instructed the jury regarding the elements of first-degree premeditated murder. Later, the court received the following question from a juror: "For the second element of first degree murder does Defendant specifically have to intend to kill Reese or intend to kill any person for it to satisfy the second element?" The court advised counsel as follows:

> [T]his Court believes that the proper response to that is the reading of the transferred intent instruction sixteen point twenty-two which reads as follows[:] ["]If the Defendant intended to kill one person, but by mistake or accident killed another person the crime is the same as if the first person had actually been killed.["] . . .

Defense counsel objected to the reading of the transferred intent instruction arguing that, because it was not included in the original instructions, it should not be provided as a supplemental instruction. The court noted the objection, but concluded that the instruction was proper and gave the instruction. Defendant argues that the supplemental instruction on transferred intent violated his Sixth Amendment rights to a fair trial and effective assistance of counsel.

A defendant is entitled to have a jury determine his guilt or innocence after considering every essential element of the charged offense. *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). When a trial court's supplemental instructions are responsive to a request from the jury and are not misleading, there is no need to set aside a conviction. *People v Parker*, 133 Mich App 358, 362; 349 NW2d 514 (1984). The Michigan Court Rules give trial courts discretion to decide whether a supplemental instruction during deliberations is proper. Specifically, MCR 2.513(N)(1) provides: "After jury deliberations begin, the court may give additional instructions that are appropriate." More specifically, MCR 2.513(N)(2) states:

> If questions arise, the court and the parties shall convene, in the courtroom or by other agreed-upon means. The question shall be read into the record, and the attorneys shall offer comments on an appropriate response. The court may, in its discretion, provide the jury with a specific response to the jury's question, but the court shall respond to all questions asked, even if the response consists of a directive for the jury to continue its deliberations.

Here, the supplemental jury instruction provided by the court regarding transferred intent was appropriate and was not misleading. As this Court has held, under the doctrine of transferred intent it is sufficient for a prosecutor to show that a defendant had the requisite state of mind to kill; it is not necessary to show that a defendant's state of mind was directed at a specific person or the actual victim. See *People v Abraham*, 256 Mich App 265, 270; 662 NW2d 836 (2003); *People v Lawton*, 196 Mich App 341, 350-351; 492 NW2d 810 (1992).

Defendant does not argue that the court erred in its description of the doctrine of transferred intent, or that there was insufficient evidence of his intent to kill. Rather, defendant argues that the supplemental jury instruction added a new theory of liability after closing arguments and without allowing defense counsel to argue the new theory. Defendant cites to

*Loveless v United States*, 260 F2d 487 (DC CA, 1958), in which the court reversed the defendant's manslaughter conviction when the court informed the parties it would only provide an instruction on second-degree murder, then chose to include a manslaughter instruction after closing arguments. Unlike manslaughter, however, the doctrine of transferred intent is not itself a separate substantive offense; it is a mechanism of proving intent, one element within the substantive offense of first-degree murder.

Defendant also relies on *United States v Horton*, 921 F2d 540 (CA 4, 1990) and *United States v Fontenot*, 14 F3d 1364 (CA 9, 1994), to support his claim that he should have been given an opportunity to provide additional comment following the supplemental instruction. But these authorities do not support his argument. To the contrary, *Horton* and *Fontenot* stand for the proposition that "[a] supplemental instruction which merely clarifie[s] an existing theory does not mandate additional arguments." *Fontenot*, 14 F3d at 1368, citing *Horton*, 921 F2d at 547. Accordingly, in *Horton*, a case involving a first-degree murder charge, the circuit court held that a supplemental jury instruction on aiding and abetting, which is not a separate substantive offense, was appropriate. *Horton*, 921 F2d at 543-544; see also *People v Robinson*, 475 Mich 1, 6; 715 NW2d 44 (2006) (explaining that aiding and abetting is not itself a substantive offense).

Defendant also argues that FRCP 30 and MCR 2.513(N)(1) required the lower court to provide him with opportunity to address the supplemental instruction before the jury. However, "an opportunity to argue" a supplemental jury instruction "is not dictated by Rule 30." *Fontenot*, 14 F3d at 1368. Moreover, although defendant references the first half of MCR 2.513(N)(1), which states that a "court must inform the parties of its proposed action . . . before their closing arguments," he ignores the second half of the subrule, which states that "[a]fter jury deliberations begin, the court may give additional instructions that are appropriate." Neither rule cited by defendant required the lower court to provide him the opportunity to argue the supplemental instruction before the jury.

Finally, reversal for instructional error is only required if the error was prejudicial to a defendant. *People v Clark*, 453 Mich 572, 587; 556 NW2d 820 (1996). Defendant does not argue that the lower court's supplemental jury instruction on transferred intent affected the outcome of his case. Further defendant does not suggest that defense counsel had any additional arguments to make even if the court had given him the opportunity.

In summary, defendant's claim of instructional error is without merit.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro