PEOPLE v NEWTON (AFTER REMAND)

Docket No. 98417. Submitted April 6, 1989, at Detroit. Decided May 24, 1989. Leave to appeal applied for.

John E. Newton was convicted following a bench trial in the Saginaw Circuit Court of one count of armed robbery, three counts of assault with intent to commit murder, one count of carrying a concealed weapon, and one count of possession of a firearm during the commission of a felony. Defendant appealed. The Court of Appeals affirmed. 152 Mich App 630 (1986). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded to the Court of Appeals for an order remanding the action to the trial court for an evidentiary hearing on defendant's allegation that he was denied the effective assistance of trial counsel. 428 Mich 855 (1987). Following a hearing after the remand, the trial court, Robert S. Gilbert, J., found that trial counsel was effective. Defendant appealed from that order.

The Court of Appeals *held:*

Defendant's trial counsel was effective. The trial court did not err in finding that defense counsel's performance was not deficient with regard to the issue of defendant's competency to stand trial. The decision not to raise an insanity defense was a matter of trial strategy. Defendant received effective assistance of counsel at sentencing. The trial court did not abuse its discretion or deny defendant a full and fair hearing on remand.

Affirmed.

1. APPEAL — CRIMINAL LAW — ASSISTANCE OF COUNSEL.

Trial counsel is presumed to have afforded his client effective representation; a defendant who claims otherwise bears the burden of proving ineffective representation.

2. CRIMINAL LAW — DUE PROCESS — COMPETENCE TO STAND TRIAL.

Due process is violated where a defendant is convicted while he is

REFERENCES

Am Jur 2d, Appeal and Error §§ 798, 802; Criminal Law §§ 46 *et seq.,* 985.

Adequacy of defense counsel's representation of criminal client regarding incompetency, insanity, and related issues. 17 ALR4th 575.

incompetent to stand trial; a defendant who alleges incompetency to stand trial is entitled to a competency hearing; the determination of a defendant's competence is a matter within the trial court's discretion.

3. Criminal Law — Assistance of Counsel — Defenses — Insanity.

A criminal defendant is denied effective assistance of trial counsel by his counsel's failure to properly prepare a meritorious insanity defense.

4. Criminal Law — Appeal — Assistance of Counsel.

The Court of Appeals will not substitute its judgment for that of defense counsel in matters of trial strategy.

5. Trial — Appeal — Motions and Orders — Evidence.

The decision to grant or refuse a continuance or to admit or exclude evidence is within the sound discretion of the trial court and will not be overturned on appeal in the absence of an abuse of discretion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Christopher S. Boyd,* Prosecuting Attorney, and *Jeffrey D. Stroud,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Kim Robert Fawcett*), for defendant on appeal.

### AFTER REMAND

Before: Danhof, C.J., and Wahls and Griffin, JJ.

Per Curiam. Following a bench trial in Saginaw Circuit Court, defendant was convicted of one count of armed robbery, MCL 750.529; MSA 28.797, three counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, one count of carrying a concealed weapon, MCL 750.227; MSA 28.424, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced

to ten to fifteen years in prison on the robbery count, twenty to forty years on each assault count, three to five years on the ccw count, and two years on the felony-firearm count. This Court affirmed defendant's convictions. *People v Newton,* 152 Mich App 630; 394 NW2d 463 (1986), vacated 428 Mich 855 (1987).

In lieu of granting leave to appeal, our Supreme Court vacated this Court's judgment and ordered that this case be remanded to the trial court for an evidentiary hearing on defendant's allegation that he was denied the effective assistance of counsel. 428 Mich 855-856. Following a *Ginther* hearing (*People v Ginther,* 390 Mich 436; 212 NW2d 922 [1973]), the lower court found that trial counsel was not ineffective. Defendant appeals that finding. We affirm.

This Court previously described the incident from which defendant's convictions arose:

> Defendant's convictions arise from an armed robbery of a Saginaw convenience store. On the night in question, defendant entered the store, drew a revolver and demanded money from the two clerks on duty. After receiving a bag full of money, defendant fled the store. One clerk summoned the police with a silent alarm and then went out of the store to see in which direction defendant had left. After defendant turned a corner, the clerk got into his car and followed defendant. During the clerk's pursuit of defendant, two police cars arrived and gave chase after the defendant. During the chase, defendant pulled his revolver and fired several rounds at the officers. [*Newton, supra,* p 632.]

Defendant claims that he was denied effective assistance of counsel for various reasons. We presume that trial counsel afforded his client effective

representation. *People v Hunter,* 141 Mich App 225, 229; 367 NW2d 70 (1985), lv den 426 Mich 871 (1986). Defendant bears the burden of proving otherwise. *Ginther, supra,* p 443. We conclude that defendant's trial counsel was not ineffective under the standards set forth in both *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), reh den 467 US 1267; 104 S Ct 3562; 82 L Ed 2d 864 (1984), and *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977).

Defendant argues that trial counsel was ineffective because he did not adequately investigate the issue of defendant's competency to stand trial. The conviction of an accused while he is incompetent to stand trial violates due process. US Const, Ams V and XIV; Const 1963, art 1, § 17; *People v Hardesty,* 139 Mich App 124, 133; 362 NW2d 787 (1984), lv den 424 Mich 878 (1986). MCL 330.2020(1); MSA 14.800(1020)(1) provides:

> A defendant to a criminal charge shall be presumed competent to stand trial. He shall be determined incompetent to stand trial only if he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner. The court shall determine the capacity of a defendant to assist in his defense by his ability to perform the tasks reasonably necessary for him to perform in the preparation of his defense and during his trial.

Upon a showing that the defendant may be incompetent to stand trial, the court shall order the defendant to undergo an examination by personnel of either the Center for Forensic Psychiatry or other facility officially certified by the Department of Mental Health to perform examinations

relating to the issue of incompetence to stand trial. MCL 330.2026(1); MSA 14.800(1026)(1); MCR 6.106(C)(1). The defendant is entitled to a competency hearing. The determination of competency may rest solely on the report of the Center for Forensic Psychiatry if neither the state nor the defendant chooses to offer testimony. *People v Lucas,* 47 Mich App 385, 390; 209 NW2d 436 (1973). The determination of a defendant's competence is within the trial court's discretion. *People v Garfield,* 166 Mich App 66, 73; 420 NW2d 124 (1988); *People v Ritsema,* 105 Mich App 602, 606; 307 NW2d 380 (1981), lv den 413 Mich 934 (1982).

On March 13, 1984, attorney George Bush was appointed to represent defendant. On March 22, 1984, after his initial interview with defendant, Bush moved for defendant to be examined by the Center for Forensic Psychiatry for the purpose of determining his competency to stand trial. Defendant was examined by Dr. Jackson who submitted a written report describing this examination. Dr. Jackson concluded:

> Based on the evaluation performed and despite the evidence of mental illness in the past and some residual symptoms of underlying mental illness it is this examiner's opinion that at the present time the defendant is aware of the nature and object of the proceedings against him and that he could cooperate in a rational way in his own defense. Thus, he appears to meet the criteria to be considered competent to stand trial, and it is recommended he be so adjudicated.

At defendant's competency hearing, Bush stipulated to the admission of the report in lieu of Dr. Jackson's testimony, but would not stipulate to Dr. Jackson's conclusion. The district court ruled that defendant was competent to stand trial based on Dr. Jackson's report.

On appeal, defendant claims that Bush was ineffective because he did not challenge Dr. Jackson's report and did not further investigate the question of defendant's competence. Defendant further contends that if Bush had conducted such an investigation, then he would have found evidence indicating that defendant was incompetent.

At the *Ginther* hearing, Bush testified that he initially doubted that defendant was competent to stand trial, but he eventually agreed with Dr. Jackson's conclusion based on his further contacts with defendant. At the end of the *Ginther* hearing, the lower court found:

> Now, in regard to the business of competency to stand trial, the Court is satisfied that there is no basis for concluding that the Defendant was denied ineffective [sic] assistance of counsel, in view of the fact that Mr. Bush did obtain the Forensic Center's report, that he did discuss the situation with the family, evidently. And there is also in this report an indication that this Defendant was able to describe for the examiner his present regimen of antipsychopathic—antipsychotic medication, which he indicates he was taking on a regular basis.
>
> At any rate, it appears to the Court that on the issue of competency to stand trial that Mr. Bush did what was required and that his performance was not deficient at the time of his conduct, at the time he made a decision as to whether to pursue further the business of whether to challenge the competency to—Defendant's competency to stand trial. He had this report which said that he was competent, and Mr. Bush himself made his own determination that that report was—was an adequate report and fit his own observations.

The lower court did not err in finding that counsel's performance was not deficient with re-

gard to the issue of defendant's competency to stand trial. In his report, Dr. Jackson set forth his opinion that defendant was aware of the nature and object of the proceedings against him and could cooperate in a rational way in his own defense. A competency hearing was held at which defendant was found competent to stand trial. Defense counsel agreed with Dr. Jackson's conclusion that defendant was competent to stand trial based on his own contacts with defendant. Under the circumstances of this case, defense counsel was not required to search for evidence that defendant was incompetent and challenge the finding of competency.

Defendant claims that he was denied effective assistance of counsel because Bush did not adequately investigate the insanity defense and improperly abandoned that defense at defendant's request. A criminal defendant is denied effective assistance of counsel by his attorney's failure to properly prepare a meritorious insanity defense. *People v Hunt,* 170 Mich App 1, 13; 427 NW2d 907 (1988).

At the *Ginther* hearing, Bush testified that he considered raising an insanity defense and discussed it with defendant. Bush was aware of defendant's mental history and explained to him that if he had a mental problem that caused him not to know what he was doing or not understand the difference between right and wrong or, even if he did, if he was not able to control himself, and there was some merit to the charges against him, then one way to approach this case was to assert an insanity defense. Bush properly explained the insanity defense. See MCL 768.21a; MSA 28.1044(1). Defendant indicated that he understood Bush's explanation, but rejected the idea of presenting an insanity defense, and told Bush that he

was innocent. Defendant was consistent about his version of events and wanted to testify at trial. Bush had almost twenty years of experience with criminal law and was familiar with the insanity defense. Based on his experience, Bush felt that defendant's insistence that he was innocent would be a problem with regard to presenting an insanity defense. Bush never thought that defendant had such an overwhelming mental disability or lacked a grasp of reality sufficient that Bush could assert an insanity defense, despite defendant's assertion of innocence. At the end of the *Ginther* hearing, the lower court found:

> In regard to the business of insanity defense, there was no request to the Forensic Center for a determination on the competency of the Defendant at the time of the commission of the crime. Not necessarily competency, but there was no request to determine whether or not the Defendant was legally insane at the time of the commission of the crime. Evidently the Defendant—and the Court finds that the Defendant did tell his attorney not to use this defense.
>
> Now, an attorney finds himself in a dilemma, it appears to me, when he feels that his client should, for his own best interest, do some things and he refuses to do them. I think it's important in this matter that Mr. Bush had this report in front of him which states that his assertion of innocence does not arise from any misinterpretation of reality or mental illness. The defendant is telling him that he's not mentally ill; he's telling him that he does not want to use this kind of a defense; he is telling him that he is innocent and that he wants to take the stand; and that he does not wish to accept the plea bargain offer that was offered him by the Office of the Prosecuting Attorney.
>
> Someplace along the line counsel have to make determinations as to what they should do and

what they shouldn't do in these situations. And to some extent, some of these determinations have to do with trial strategy. Counsel, obviously, has to sit down and discuss with his client what the strategy should be and attempt to fashion a defense which will best suit the Defendant's position. And I don't think that it's for this—for this Court to interfere with a reasoned decision which counsel makes after discussing with his client and after receiving the Forensic Center's report. I don't think it's a proper thing for this Court to substitute its judgment for that of trial counsel in a matter certainly of trial strategy and in some of these other areas, as well.

As I said before, Mr. Bush is a seasoned attorney; and I'm satisfied, from observing his testimony here in court and the way he conducted himself during the trial of the case, that he gave all of these matters serious consideration. When he makes a decision to follow his client's wishes, after being told by an expert that his client is not insane or is competent to stand trial, I think he is not making a serious mistake, and that he is doing what is his duty to represent his client. He can certainly make suggestions to his client as to what the client should do. But if the client refuses to do those things, he certainly is in a dilemma as to whether or not he should insist on it or get out of the case.

In this case, his choice was to go along with the Defendant's recommendation or the Defendant's wishes that he not accept the plea bargain agreement. He certainly couldn't accept it for him. And I don't believe that it was required of Mr. Bush to further examine an insanity defense where he's forbidden by his client to do so, when the client is not showing evidence of mental illness which would render him incompetent to stand trial.

So the Court, under *Strickland v Washington* and *People v Garcia,* the *Degraffenreid* case [*People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969)], *People v Ginther,* these cases that I've discussed earlier, is going to find that counsel's

> performance in this matter was not deficient, considering all of the circumstances at the time his decisions were made. And the Court will find, certainly, that the conduct of defense counsel did not undermine the proper functioning of the adversarial process to the extent that the trial cannot be relied on as having produced a just result. There is a strong presumption that counsel rendered adequate assistance; and the Court must follow to some extent, up to a certain point at least, that presumption.
>
> At any rate, it is the finding of the Court that the Defendant has not met the burden of proof to establish that he was the victim of ineffective assistance of counsel pertaining to these questions.

We agree with the lower court's finding that Bush's decision to follow his client's wishes and argue that he was innocent at trial rather than raise an insanity defense was a matter of trial strategy. This Court will not substitute its judgment for that of defense counsel in matters of trial strategy. *People v Barnett,* 163 Mich App 331, 338; 414 NW2d 378 (1987); *People v Carr,* 141 Mich App 442, 452; 367 NW2d 407 (1985). We will not reverse where failure to raise an insanity defense is a question of trial strategy. *People v Lotter,* 103 Mich App 386; 302 NW2d 879 (1981), lv den 412 Mich 852 (1981). We note that this Court previously explained that there would not have been a reasonably likely chance of acquittal if an insanity defense had been pursued. *Newton, supra,* pp 634-635.

Defendant argues that he was denied effective assistance of counsel at sentencing because Bush did not present his history of mental illness as a mitigating factor. This Court previously rejected this argument. *Newton, supra,* p 635.

A criminal defendant is entitled to effective assistance of counsel at sentencing. *People v Dye,*

6 Mich App 217, 219; 148 NW2d 501 (1967). At the *Ginther* hearing, the lower court stated that it was satisfied that the record did not disclose ineffective assistance of counsel at sentencing. We agree with the lower court. The decision to address the court at sentencing is a tactical one. *People v Hughes,* 165 Mich App 548, 550; 418 NW2d 913 (1987). Bush addressed the court at sentencing. His failure to further address the court regarding defendant's history of mental illness did not constitute ineffective assistance of counsel.

Defendant claims that the lower court abused its discretion and denied him a full and fair hearing on remand by denying his request for adjournment and the appointment of an independent expert psychiatrist, and by excluding relevant evidence. The power to grant or refuse a continuance is within the sound discretion of the trial judge. *People v Bettistea,* 173 Mich App 106, 124; 434 NW2d 138 (1988). A trial court's decision to admit or exclude evidence is a matter for the sound discretion of the trial judge and this Court will not overturn such rulings in the absence of an abuse of discretion. *People v Harden,* 166 Mich App 106, 111; 420 NW2d 136 (1988). We find no abuse of discretion.

At a hearing which was held on March 16, 1987, defendant moved for an adjournment and asked the lower court to appoint an independent psychiatrist. The court responded:

All right. I think maybe I ought to hear what Mr. Bush did, why he did it, what he did and didn't do. At this point, I don't really know exactly why he made the decisions that he did or what prompted him to do that. And it seems to me that that's—that's an important thing that has to be—I'd like to hear what he has to say first, before we get into all this business of whether or not there

were some mistakes made here and whether or not we ought to get into the business of appointing an independent psychiatrist.

I'm going to deny the motion at this time. And that's without prejudice of counsel to bring it again after we have had the testimony of Mr. Bush, which is what I understood we were supposed to do. The Supreme Court—well, the Court of Appeals' order reads that the matter is remanded to the Saginaw County Circuit Court for an evidentiary hearing on Defendant's allegation that he was denied the effective assistance of counsel. And so I'm willing to have an evidentiary hearing based on that. But I don't feel, at this point, that the independent psychiatrist is necessary to have such an evidentiary hearing.

The *Ginther* hearing was held on July 21, 1987. Appellate counsel asked for an adjournment so that he could talk to psychiatrists who saw defendant when he was in prison and who might be able to testify that defendant had an ongoing mental illness. Appellate counsel argued that such testimony would support an inference that defendant suffered from a mental illness when Bush represented him. The lower court denied the request for an adjournment after noting that the purpose of the *Ginther* hearing was to determine whether trial counsel was ineffective, not whether defendant was ever mentally ill. The court also ruled that an Ionia County Probate Court finding that defendant was mentally ill in November of 1986 was inadmissible. Appellate counsel admitted that Bush could not be charged with the knowledge of what happened in 1986, but sought to introduce the finding to support an inference that defendant had an ongoing mental illness which might have existed in 1984, when Bush represented him, and that Bush was ineffective for not representing defendant in accordance with his

being more mentally ill than he appeared and the Forensic Center report indicated.

The lower court did not abuse its discretion in denying defendant's request for a continuance and excluding the above-described evidence. The court properly evaluated the issue of whether defendant was denied effective assistance of counsel based on the information that was available to defendant's trial attorney when he represented defendant.

Affirmed.