# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANDRE KEITH PARKER,

Defendant-Appellant.

UNPUBLISHED
December 16, 2014

No. 316981
Wayne Circuit Court
LC No. 13-001615-FC

Before: RIORDAN, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of assault with intent to commit murder, MCL 750.83, first-degree home invasion, MCL 750.110a(2), and armed robbery, MCL 750.529. He was sentenced to 25 to 26 years for assault with intent to commit murder, 10 to 20 years for first-degree home invasion, and 25 to 26 years for armed robbery. We affirm.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. STANDARD OF REVIEW

Whether a defendant received effective assistance of counsel is a mixed question of fact and law, as a "trial court must first find the facts and then decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). A trial court's factual findings are reviewed for clear error, and questions of constitutional law are reviewed de novo. *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008).

### B. ANALYSIS

Of initial significance is that while there was an evidentiary hearing for ineffective assistance of counsel, defendant's trial counsel was not called to testify. "[T]he trial lawyer is a necessary witness on the issue of inadequacy of counsel." *People v Mitchell*, 454 Mich 145, 168; 560 NW2d 600 (1997). Nevertheless, defendant's claim of ineffective assistance of counsel is meritless.

In order to establish a claim for ineffective assistance of counsel, a defendant must first demonstrate that "counsel's representation fell below an objective standard of reasonableness,"

-1-

which requires a showing "that counsel's performance was deficient." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Grant*, 470 Mich 477, 496; 684 NW2d 686 (2004). A defendant then must demonstrate that "the deficient performance prejudiced the defense," which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." *Strickland*, 466 US at 687. The Court has held that this second prong is asking whether "there was a reasonable probability that the outcome of the trial would have been different had defense counsel" adequately performed. *Grant*, 470 Mich at 496.

The failure to raise a viable claim of incompetency to stand trial may constitute ineffective assistance of counsel. See *People v Newton (After Remand)*, 179 Mich App 484, 491; 446 NW2d 487 (1989). However, pursuant to MCL 330.2020, a defendant is presumed competent to stand trial absent a showing that "he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner."

Upon review of the record, we find no evidence that defendant's mental condition prevented him from understanding the proceedings or assisting in his defense. Nor is there any indication that defendant had such a significant mental disability that he failed to grasp the reality of his circumstances. At the *Ginther* hearing,[1] defendant testified that he remembered speaking with a doctor, whom he presumed was a Wayne County psychiatrist, about his mental health. The lower court record includes reference to a *Forensic Examiner's Report* on the issue of competency. While defense counsel appears to have stipulated to the report, the court ultimately determined that defendant was competent to stand trial. Moreover, as the trial court observed, based on defendant's demeanor and testimony at trial and at the *Ginther* hearing, there was no basis for defense counsel to surmise that defendant was not competent to stand trial. Defendant testified in a comprehensible manner, and his testimony negated elements of his crimes. There is no indication that defense counsel behaved in an objectively unreasonable manner.

To the extent that defendant challenges his counsel's failure to bring an insanity defense, that claim likewise is meritless. Defense counsel actively pursued a defense strategy that defendant lacked the requisite intent for the charged crimes. "The fact that the strategy chosen by defense counsel did not work does not constitute ineffective assistance of counsel." *People v Williams*, 240 Mich App 316, 332; 614 NW2d 647 (2000). Furthermore, "[a] substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). As the trial court found, an insanity defense "would have ultimately been fruitless" because there was no evidence that defendant lacked a "substantial capacity either to appreciate the nature and quality or the wrongfulness of [his] conduct or to conform [his] conduct to the requirements of the law." MCL 768.21a(1). While defendant may have suffered from mental illness, that is not the test for a legal insanity defense. MCL 768.21a(1). Defendant testified at trial in a clear and precise manner when detailing his version

---

[1] *People v Ginther*, 390 Mich 436, 444; 212 NW2d 922 (1973).

of events. There is no indication that he failed to grasp the wrongfulness of his conduct or that he was unable to conform to the requirements of the law. In fact, defendant appeared fully cognizant of the wrongfulness of his conduct, and characterized the events as almost purely accidental. Defense counsel did not behave objectively unreasonably.

## II. SENTENCING

### A. STANDARD OF REVIEW

Defendant also contends that the trial court erred in scoring 10 points pursuant to Offense Variable (OV) 10. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

### B. ANALYSIS

Pursuant to MCL 777.40, a trial court may score 10 points under OV 10 for exploitation of a vulnerable victim. The statute defines "vulnerability" as "the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c). A score of 10 points is warranted when the defendant "exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). To "exploit" is defined as "to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). A domestic relationship can be one that is "familial or cohabitating." *People v Jamison*, 292 Mich App 440, 447; 807 NW2d 427 (2011).

However, the "mere existence" of one of these factors "does not automatically equate with victim vulnerability." MCL 777.40(2). "Accordingly, to merit a score of 10 points for OV 10, a defendant must have manipulated" a victim with whom he has a domestic relationship "for a selfish or unethical purpose and the victim's vulnerability must have been readily apparent." *People v Needham*, 299 Mich App 251, 255; 829 NW2d 329 (2013). Thus, "to be exploited the victim must actually have been vulnerable." *People v Dillard*, 303 Mich App 372, 380; 845 NW2d 518 (2013).

Here, the defendant—the victim's father—knew his daughter's morning routine. He was familiar with the home, as he had lived there previously. He waited until the victim and her mother left, then broke into the house with a box cutter, duct tape, and lighter fluid.

The victim returned home with her infant daughter in tow. After struggling to lock the door and carrying in the baby's car seat, the victim turned around to see defendant in the home. She remembered seeing a flash of light, feeling something across her temple, and then darkness. When she awoke on the ground, she heard her baby crying. She began to struggle, but defendant repeatedly struck her with a lead pipe, and the baby's car seat flipped over in the fracas. When the victim finally ceased fighting, defendant demanded, with apparent familiarity, "you know what the f*** I want. I want money." The victim replied that all she had was her daughter's piggy bank and defendant ordered her to retrieve it. Defendant then asked her for it.

-3-

Eventually, the victim was allowed to pick up her daughter and sit down, but defendant pulled the chair in which his daughter sat with her child closer to him. The victim asked "you going to kill me, daddy?" He replied "yes, it's not like you gon' let me just walk out of here." After pleading with her father and placating him with a meal, defendant told the victim he needed help. She then called for help, and she drove him to a hospital.

"The victim was clearly vulnerable in light of defendant's greater strength," "the domestic relationship between the two," and the fact that the victim was encumbered by her infant daughter. *Dillard*, 303 Mich App at 380; MCL 777.40(3)(c). The facts support a conclusion that defendant knew his daughter's general routine and attacked when she was most vulnerable: when she was entering the home alone with her baby. See MCL 777.40(3). As the trial court found, defendant's relationship with the victim resulted in a comfort level that enabled him to commit the crimes with ease. He exploited his domestic relationship and familiarity with his daughter to the extent that even after a merciless beating, she tried to placate him by cooking for him, letting him hold her baby, and then driving him to a hospital. He managed to brutally attack his daughter, breaking several bones in her face, and then play on her apparent sympathy all while she was in dire need of medical attention. Thus, "[d]efendant unambiguously exploited his greater strength and his relationship with the victim[.]" *Dillard*, 303 Mich App at 380-381.[2]

## III. CONCLUSION

Defendant was not denied the effective assistance of counsel, and resentencing is not warranted. We affirm.

/s/ Michael J. Riordan
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

[2] To the extent that the trial court may have misstated the law, or relied on a different part of MCL 777.40(2), we find that its factual findings sufficient to support a score of 10 points for OV 10.