# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
February 11, 2016

v

RICARDO BOGGS,

Defendant-Appellant.

No. 324418
Wayne Circuit Court
LC No. 14-004705-FH

Before: CAVANAGH, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of first-degree home invasion, MCL 750.110a(2), second-degree criminal sexual conduct, MCL 750.520c(1)(c), and larceny in a building, MCL 750.360. We affirm.

Defendant unlawfully entered the victim's first-floor Detroit apartment, through a bedroom window, and then sexually assaulted her and stole her cell phone. After he fled, the police were able to track defendant's location using the GPS technology on the victim's cell phone. After defendant refused to participate in a live lineup, the victim unequivocally identified him in a photographic array. On appeal, defendant raises issues related to his competency to stand trial and criminal responsibility.

## I. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that defense counsel made three errors related to his competency and criminal responsibility that resulted in ineffective assistance of counsel. Because defendant did not raise these claims in the trial court in a motion for a new trial or request for an evidentiary hearing, our review is limited to mistakes apparent from the record. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000).

To establish ineffective assistance of counsel, defendant first must show that counsel's performance was below an objective standard of reasonableness. In doing so, defendant must overcome the strong presumption that counsel's assistance was sound trial strategy. Second, defendant must show that, but for counsel's deficient performance, it is reasonably probable that the result of the proceeding would have been different. *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). Effective assistance of counsel is presumed and defendant bears a

heavy burden of proving otherwise. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012); *People v Roscoe*, 303 Mich App 633, 644; 846 NW2d 402 (2014). "Reviewing courts are not only required to give counsel the benefit of the doubt with this presumption, they are required to 'affirmatively entertain the range of possible' reasons that counsel may have had for proceeding as he or she did." *People v Gioglio (On Remand)*, 296 Mich App 12, 20; 815 NW2d 589 (2012), vacated in part on other grounds 493 Mich 864 (2012). "[A] reviewing court must conclude that the act or omission of the defendant's defense counsel fell within the range of reasonable professional conduct if, after affirmatively entertaining the range of possible reasons for the act or omission under the facts known to the reviewing court, there might have been a legitimate strategic reason for the act or omission." *Id.* at 22-23. "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant contends that defense counsel was ineffective for failing to file a notice of an insanity defense, for stipulating to Center for Forensic Psychology ("CFP") finding that he was competent to stand trial, and for failing to timely request independent competency and criminal responsibility evaluations. Decisions about what arguments to make and what evidence to present are matters of trial strategy, *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999), and "this Court will not second-guess defense counsel's judgment on matters of trial strategy." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). Defense counsel has wide discretion regarding matters of trial strategy. *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012).

Counsel is ineffective for failing to properly prepare a meritorious insanity defense if the failure deprives the defendant of a reasonably likely chance of acquittal. *People v Hunt*, 170 Mich App 1, 13; 427 NW2d 907 (1988). Counsel is not, however, ineffective for failing to advance a meritless position. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). To establish an insanity defense, the defendant must show that, as the result of mental illness[1] or mental retardation, he lacked the "substantial capacity either to appreciate the nature and quality or the wrongfulness of his . . . conduct or to conform his . . . conduct to the requirements of the law." MCL 768.21a(1); *People v Lacalamita*, 286 Mich App 467, 470; 780 NW2d 311 (2009). Mental illness, in and of itself, does not constitute the defense of legal insanity. MCL 768.21a(1). The "*defendant* has the burden of proving the defense of insanity by a preponderance of the evidence." MCL 768.21a(3) (emphasis added).

The record supports that, after investigation, defense counsel reasonably determined that an insanity defense would not be viable. Defense counsel contemplated the viability of an insanity defense as early as the Calendar Conference. As a result, the trial court ordered that defendant be evaluated for competency and criminal responsibility at the CFP. The examiner concluded that defendant was competent to stand trial and criminally responsible, and thus, that

---

[1] Mental illness is statutorily defined as "a substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400(g).

defendant's mental status did not meet the requirements for legal insanity. Defendant has not presented any affidavit or other appropriate offer of proof to refute the CFP findings, or to otherwise show that he had any medical or psychological condition at the time of the offenses to suggest that counsel's decision to forego an insanity defense was objectively unreasonable.

Further, absent an appropriate offer of proof, defendant is unable to establish that he was prejudiced in this regard. Defendant attempts to establish the factual predicate for his claim with an affidavit from his mother, in which she avers that defendant had been diagnosed with "a mental illness," and had just been released from "the Mental Hospital" when he was accused of these crimes. However, it is "impermissible to expand the record on appeal." *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999). But even if we consider the affidavit, the mere declaration that defendant suffered from "a mental illness" is insufficient to establish the affirmative defense of insanity. MCL 768.21a(1). Thus, defendant has not established the factual predicate for his claim. See *Hoag*, 460 Mich at 6. Because the record discloses that the viability of an insanity defense was investigated before trial, and that there was no evidence to support that defense, defendant has not established that defense counsel was ineffective for not advancing an insanity defense. See *Ericksen*, 288 Mich App at 201.

While defendant also argues that defense counsel was ineffective for stipulating to the CFP finding that defendant was competent to stand trial, defendant has presented no evidence that defense counsel had a reason to question the competency result. When stipulating to the competency finding, defense counsel explained that he agreed with the finding because he had "spent quite a bit of time with [defendant]," they "discussed the case in some detail," and defendant "does understand the nature of the charges, and he is able to assist . . . in my defense." Counsel noted that defendant was taking his prescribed medications while in jail. Given that counsel believed that the CFP finding was consistent with counsel's own observations, and there was no proof to the contrary, counsel's decision to stipulate to the competency finding was not objectively unreasonable. Moreover, even if defense counsel had challenged the CFP competency finding, there is no reasonable probability that it would have been successful and that the outcome of the proceeding would have been different.

Defendant's claim that defense counsel was ineffective for failing to timely request an independent competency examination and criminal responsibility evaluation also fails. Although counsel did not make the request until the day of the competency hearing, defendant fails to demonstrate that he was prejudiced by counsel's delay. Despite the untimeliness of the request, the trial court considered it, and allowed full arguments before issuing a ruling. The trial court initially questioned why counsel was dilatory, but ultimately denied the request for lack of "good cause shown" for an independent examination and evaluation. Defendant has not provided any basis for finding that the result would have been different had counsel made the request earlier. Indeed, there is nothing in the record to suggest that another mental health professional, if consulted, would have reached a contrary conclusion. Consequently, defendant has failed to establish a reasonable probability that the outcome of the proceeding would have been different but for defense counsel's failure to timely request a second evaluation. Defendant is not entitled to a new trial on the basis of ineffective assistance of counsel.

## II. COMPETENCY TO STAND TRIAL

Defendant argues that, based on his history of mental illness, the trial court abused its discretion by finding him competent to stand trial. Defendant further contends that because he was not competent to stand trial, his convictions violate due process. Again, we disagree. The determination of a defendant's competence is within the trial court's discretion. *People v Newton*, 179 Mich App 484, 488; 446 NW2d 487 (1989). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *People v Kammeraad*, 307 Mich App 98, 137; 858 NW2d 490 (2014).

A criminal defendant is presumed competent to stand trial. MCL 330.2020(1). A defendant "shall be determined incompetent to stand trial only if he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner." *Id.* Defendant was evaluated by a forensic psychologist and determined to be both competent and criminally responsible. Defense counsel stipulated to the competency evaluation and produced no evidence to the contrary. In addition, as previously mentioned, defense counsel informed the court that, after discussing the case with defendant "in some detail," he believed that defendant understood "the nature of the charges" and was able to assist in his defense. In light of this record, the trial court did not abuse its discretion in finding defendant competent to stand trial.[2] Because defendant was not incompetent to stand trial, his conviction does not violate due process. See *Newton*, 179 Mich App at 487.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Michael F. Gadola

---

[2] Defendant cites excerpts from earlier proceedings in which he blurted out odd remarks, but such behavior at a hearing two months before the competency examination and three months before trial does not establish that he was not competent at the time of trial. During trial, there were no odd outbursts and, when the court questioned defendant about his right to testify, defendant answered appropriately. Defendant also refers to facts "revealed" during his post-conviction motion for a new trial, but even if he currently suffers from mental illness that does not establish that he was not competent to stand trial in September 2014. As the trial court aptly observed when denying defendant's post-conviction motion for a new trial, "surmising [defendant's] mental state in September 2014 based on observations in March 2015 does not rise above the level of speculation."