*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER HICKS-FIELDS,

Defendant-Appellant.

UNPUBLISHED
December 10, 2020

No. 349365
Wayne Circuit Court
LC No. 18-008549-01-FC

Before: LETICA, P.J., and RIORDAN and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of felony murder, MCL 750.316, armed robbery, MCL 750.529, and felon-in-possession of a firearm, MCL 750.224f, and three counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to two years of imprisonment for each count of felony-firearm, life imprisonment without parole for felony murder, 30 to 50 years of imprisonment for armed robbery, and two to five years of imprisonment for felon-in-possession. We affirm.

## I. FACTS

Defendant fatally shot Kyle Dubose during a robbery. The shooting was witnessed by Dubose's sister, Deidre Little, and by defendant's accomplices Dea'Marrion O'Neal, and Amari Durham and all three witnesses testified against defendant at trial. Defendant was convicted by a jury. He now appeals and raises several claims of error.

## II. ANALYSIS

Defendant first argues that the trial court committed error requiring reversal when it failed to sua sponte refer defendant for a competency evaluation. We disagree.

We review this unpreserved issue for plain error affecting substantial rights. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally

-1-

requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted).

A criminal defendant is presumed competent to stand trial. MCL 330.2020(1). A defendant "shall be determined incompetent to stand trial only if he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner." MCL 330.2020(1). "The protection afforded by the Due Process Clause requires that a court sua sponte hold a hearing regarding competency when any evidence raises a bona fide doubt about the competency of the defendant." *In re Carey*, 241 Mich App 222, 227-228; 615 NW2d 742 (2000). "[T]he test for such a bona fide doubt is whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *People v Kammeraad*, 307 Mich App 98, 138-139; 858 NW2d 490 (2014) (quotation marks and citation omitted). "Evidence of a defendant's irrational behavior, a defendant's demeanor, and a defendant's prior medical record relative to competence are all relevant in determining whether further inquiry in regard to competency is required." *Id*. at 139. Additionally, defense counsel's expressed doubt as to a defendant's competency is also a factor that should be considered. *Drope v Missouri*, 420 US 162, 177 n 13; 95 S Ct 896; 43 L Ed 2d 103 (1975).

Defendant admits that he was mostly silent throughout the trial court proceedings, and a review of the record does not indicate that defendant had any outbursts. After the trial concluded, when defendant was interviewed for the completion of his presentence investigation report, he indicated that he had previously been diagnosed with various mental illnesses. Similarly, at sentencing, defense counsel indicated that defendant had "some mental issues." However, defense counsel also noted, "Not that he wasn't able to assist me in his defense." Overall, based on the record, nothing that occurred before or during trial gave rise to any doubts whatsoever regarding defendant's competency.

Defendant argues, without citation to any legal authority, that his refusal to consider any plea offers demonstrates his incompetency to stand trial given the weight of the evidence against him. This argument ignores the fact that a defendant has an absolute right to a jury trial and to have the charges against him proven beyond a reasonable doubt. *People v Cook*, 285 Mich App 420, 422; 776 NW2d 164 (2009). Therefore, the trial court did not err when it failed to sua sponte refer defendant for a competency evaluation.

Defendant next argues that he was deprived of the effective assistance of counsel when defense counsel (1) failed to request a competency evaluation or pursue an insanity defense, (2) failed to object to a highly suggestive pretrial identification, (3) failed to effectively impeach witnesses, and (4) failed to challenge the voluntariness of defendant's statement to the police. We disagree.

Defendant did not preserve this issue by moving for a new trial or evidentiary hearing in the trial court. *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014). However, he filed a motion to remand for an evidentiary hearing, and therefore, our review limited to mistakes apparent

from the record. *Id*. Defendant's claim of ineffective assistance of counsel is a mixed question of fact and constitutional law. *Id*. at 67. Findings of fact are reviewed for clear error, and questions of law are reviewed de novo. *Id*. at 67-68. The trial court's findings are clearly erroneous if we are definitely and firmly convinced that the trial court made a mistake. *People v Shaw*, 315 Mich App 668, 671-672; 892 NW2d 15 (2016). "To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Id*. We presume that counsel gave defendant effective assistance and presume counsel engaged in sound trial strategy. *Lane*, 308 Mich App at 68. "A defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *Id*.

Defense counsel was not ineffective for failing to request a competency evaluation. As discussed above, defendant's behavior during the trial court proceedings did not raise an issue concerning his competency to stand trial and nothing in the lower court record indicates that defense counsel had any reason to doubt defendant's competency. Even after trial, when defense counsel learned of defendant's alleged mental illnesses, defense counsel still asserted that defendant was able to assist in his own defense. Under these circumstances, defense counsel's performance cannot be considered deficient for failing to request a competency examination for defendant. *People v Horn*, 279 Mich App 31, 42 n 5; 755 NW2d 212 (2008) (trial counsel is not ineffective for failing to make a futile motion).

Additionally, defendant argues that defense counsel was ineffective for failing to pursue an insanity defense and he points to his alleged mental illnesses and decision to shoot Dubose as evidence that he could not conform his conduct to the requirements of the law. However, defendant's alleged mental illnesses were not made part of the record at trial and defendant's decision to shoot Dubose does not necessarily demonstrate defendant's inability to conform his conduct to the requirements of the law. Defendant could have shot Dubose for any number of reasons, including that Dubose refused to comply with defendant when defendant attempted to rob Dubose. Furthermore, defense counsel's decision not to pursue an insanity defense is a matter of trial strategy. See *People v Newton*, 179 Mich App 484, 490-492; 446 NW2d 487 (1989). "We will not second-guess counsel on matters of trial strategy, nor we will assess counsel's competence with the benefit of hindsight." *Horn*, 279 Mich App at 39. Thus, defendant has failed to establish that defense counsel's decision not to pursue an insanity defense constituted ineffective assistance of counsel.

Defendant next argues that defense counsel should have objected to Little's pretrial identification of defendant because it was impermissibly suggestive for the following reasons: (1) defendant was the only person with facial tattoos in the lineup; (2) defendant did not match Little's description of the shooter; (3) Little viewed other photographs of defendant;[1] and (4) Little picked out two people as the shooter after two separate lineups. Only defendant's first argument has anything to do with police procedure. The other three arguments consider the credibility of Little's

---

[1] Little admitted that she had seen photographs of defendant after the date of the lineup, *not* that the police had shown her photographs of defendant prior to the lineup.

testimony, which was a matter for the jury. See *People v Hoang*, 328 Mich App 45, 68; 935 NW2d 396 (2019) ("Witness credibility is a matter for the jury to decide.").

"An identification procedure violates a defendant's right to due process of law when it is so impermissibly suggestive that it gives rise to a substantial likelihood of misidentification." *People v Harris*, 261 Mich App 44, 51; 680 NW2d 17 (2004). In order to prevail on his claim that the lineup was impermissibly suggestive because he was the only person with facial tattoos, defendant must "show that the pretrial identification procedure was so suggestive in light of the totality of the circumstances that it led to a substantial likelihood of misidentification." *People v Kurylczyk*, 443 Mich 289, 302-303; 505 NW2d 528 (1993), overruled in part on other grounds by *People v Hickman*, 470 Mich 602 (2004). Defendant is unable to do so because no pictures of the other lineup participants are available for our review. The only "evidence" we have indicating that defendant was the only person with facial tattoos in the lineup is defendant's affidavit, which is not part of the lower court record, and thus, cannot be considered on appeal. See *People v Morrison*, 328 Mich App 647, 655; 939 NW2d 728 (2019). Defendant, thus, cannot establish that the lineup was highly suggestive, and therefore, cannot establish that his counsel was ineffective for failing to object to the procedure. Finally, identification was not a key issue at defendant's trial because both Durham and O'Neal testified that defendant robbed and shot Dubose. Therefore, even if defense counsel had challenged the identification procedure and succeeded, it would not have affected the outcome of defendant's trial.

Defendant next argues defense counsel did a poor job impeaching the prosecution's witnesses and failed to introduce a video recording of O'Neal confessing to the shooting of Dubose. First, decisions regarding "how to question witnesses are presumed to be matters of trial strategy," and that we "will not second-guess counsel on matters of trial strategy, nor we will assess counsel's competence with the benefit of hindsight." *Horn*, 279 Mich App at 39. Furthermore, defense counsel cross-examined Little, Durham, and O'Neal about inconsistencies in their testimony. Second, there is no evidence whatsoever that O'Neal confessed to the shooting of Dubose or that there exists a video recording of that confession. Defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel, and he has failed to do so here. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Therefore, defendant has failed to establish that defense counsel provided ineffective assistance of counsel in regard to the impeachment of witnesses.

Defendant next argues that his statement to the police was involuntary because he requested the appointment of counsel prior to making incriminating statements. Defendant does not specify which statement to the police he is challenging. Based on the context of his argument, defendant refers to his interview with the police detective wherein he asked, "Do I need a lawyer, bro?" Defendant's only reference to a lawyer was a question posed to the police detective about whether he needed one or not. This was not an unequivocal invocation of defendant's right to counsel. *People v Tierney*, 266 Mich App 687, 710-711; 703 NW2d 204 (2005) (a defendant has a constitutional right to have a lawyer present during an interrogation, and when a defendant invokes that right, the police must immediately terminate the interrogation; but, the defendant's invocation of this right must be unequivocal). Accordingly, defense counsel was not ineffective for failing to challenge the voluntariness of defendant's statement to the police detective.

III. CONCLUSION

Defendant has not demonstrated that the trial court committed error requiring reversal when it failed to sua sponte refer defendant for a competency evaluation. Additionally, defendant has not shown that defense counsel rendered ineffective assistance at trial. Accordingly, we affirm.

/s/ Anica Letica
/s/ Michael J. Riordan
/s/ Thomas C. Cameron