*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LEVON FORREST DUKE,

        Defendant-Appellant.

UNPUBLISHED
December 21, 2023

No. 361705
Newaygo Circuit Court
LC No. 2020-012602-FH

Before: REDFORD, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

Defendant was convicted after a jury trial of possession of methamphetamine,
MCL 333.7403(2)(b)(*i*), second or subsequent offense, MCL 333.7413(2)(a), operating a motor
vehicle without insurance, MCL 500.3102, and operating a motor vehicle with a suspended license,
second offense, MCL 257.904(1)(c). Defendant was sentenced, as a second-offense drug offender,
MCL 333.7413(1), to 36 months' to 20 years' imprisonment for the possession of
methamphetamine conviction.[1] On appeal, defendant challenges only his sentence. For the
reasons stated in this opinion, we affirm.

## I. BACKGROUND

The convictions in this case arose from an October 2020 traffic stop initiated because
defendant's vehicle had a "completely smashed front windshield," no registration plate, and a
broken passenger-side brake light. When the Newaygo County Sheriff's deputy who initiated the
stop approached the vehicle, defendant, who was driving, told the deputy that he did not have
insurance for the vehicle and that his license was suspended. The deputy arrested defendant and
impounded the vehicle. During the inventory search of the vehicle, to which defendant consented,

---

[1] The trial court imposed concurrent sentences of 365 days in jail for the two driving offenses.
Defendant was given jail credit of 473 days.

-1-

the deputy found partially-used syringes that still contained liquid. The syringes were sent to the Michigan State Police forensic lab, where they tested positive for methamphetamine. At trial, the defense argued that defendant did not know the syringes contained methamphetamine. The jury found defendant guilty of the charges described above.

While on bond before trial, defendant was charged with committing several other crimes. In March 2021, defendant was charged with possession of methamphetamine, second or subsequent offense, and carrying a concealed weapon (CCW), MCL 750.227 (LC No. 21-012724-FH). In July 2021, defendant was arrested and charged for unlawfully driving away an automobile (UDAA), MCL 750.414, and use of methamphetamine, MCL 333.7404(2)(a) (LC No. 21-012804-FH). The charges resulted in defendant's bond being revoked in the instant case. These two lower court cases were resolved by a plea agreement providing for a 42-month cap on the minimum sentence.[2]

On May 10, 2022, defendant was sentenced on the three separate lower court cases. The sentencing guidelines range for the possession of methamphetamine convictions was calculated at 10 to 23 months, with the possibility of being doubled to 20 to 46 months under MCL 333.7413(1). In requesting a sentence below the guidelines range, defense counsel argued that "[t]his is basically all stemming from my client's drug addiction issues." Defendant informed the trial court that he had been incarcerated for over a year and had not been using drugs.

In sentencing defendant in the instant case, the trial court stated that it was exercising its discretion to "double the advisory guidelines" and maximum penalty. The trial court sentenced defendant within the new-advisory guidelines to a minimum sentence of 36 months and a maximum sentence of 20 years. In LC No. 21-012724-FH, the trial court also exercised its discretion to double the advisory sentencing guidelines and maximum penalty, and sentenced defendant to 42 months' to 20 years' imprisonment on the possession of methamphetamine conviction. For the CCW conviction, the trial court sentenced defendant to 34 months' to 10 years' imprisonment. In LC No. 21-012804-FH, the trial court sentenced defendant to 34 months' to 10 years' imprisonment for the UDAA conviction. All sentences were to be served concurrently.

---

[2] The terms of the plea agreement were not placed on the record in this case, i.e., LC No. 2020-012602-FH. However, it can be inferred from the record that the prosecution agreed to dismissal of the use of methamphetamine charge and to charge defendant as a third-offense habitual offender rather than a fourth-offense habitual offender.

II.  ANALYSIS

A.  EFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that he was denied the effective assistance of counsel at sentencing because his counsel could have more effectively argued that defendant's drug addiction was a mitigating factor.  We disagree.[3]

Both the United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel.  US Const, Am VI; Const 1963, art 1, § 20.  "A criminal defendant is entitled to effective assistance of counsel at sentencing."  *People v Newton (After Remand)*, 179 Mich App 484, 493; 446 NW2d 487 (1989).  To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test of *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).  First, a defendant must show that his counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms.  *Id*. at 687-688.  Second, a defendant must show that he was prejudiced by counsel's deficient performance.  *Id*. at 687.  Prejudice is established when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (quotation marks and citation omitted).  "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim."  *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

Defendant offers several examples of arguments and evidence defense counsel should have presented at sentencing to elaborate on why defendant's drug addiction was a mitigating factor.[4]  Defendant first suggests that defense counsel failed to give proper context to defendant's criminal history by not explaining that some of his prior offenses were committed to fund his drug use.  Defendant has a lengthy adult criminal history, which dates back to 2004.  While some of the prior

---

[3] Defendant preserved this issue by filing a motion for remand with this Court.  See *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020).  This Court reviews a trial court's findings of fact, if any, for clear error, and reviews de novo questions of constitutional law.  See *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015).  When an evidentiary hearing has not been held, review is generally limited to mistakes apparent on the record.  *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

[4] Defendant requests this Court expressly hold that attorneys must reasonably investigate and present mitigating evidence and arguments at sentencing.  We see no need to make such a holding at this time because "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims[.]"  *Williams v Taylor*, 529 US 362, 391; 120 S Ct 1495; 146 L Ed 2d 389 (2000).  Therefore, a claim that counsel failed to present mitigating evidence or arguments can simply be evaluated under the "objectively reasonable" standard for professional competence on a case-by-case basis.  See also *People v Jackson (On Reconsideration)*, 313 Mich App 409, 431; 884 NW2d 297 (2015) ("When reviewing defense counsel's performance, the reviewing court must first objectively 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' "), quoting *Strickland*, 466 US at 690.

offenses were theft-related, it is speculation that these crimes were committed to fund defendant's drug use. See *People v Avant*, 235 Mich App 499, 508; 597 NW2d 865 (1999). Further, many of defendant's crimes were not theft-related. For example, defendant's other crimes include resisting arrest, domestic violence, and driving offenses. In any event, as noted, defense counsel argued at sentencing that "this is all basically stemming from my client's drug addiction issues." It was not professional incompetence for defense counsel to not further elaborate on that point.

Defendant next suggests that defense counsel should have presented statistics on relapse and sobriety. According to the statistics cited by defendant, after a full year of sobriety, 50% of former drug users remain sober. Defendant argues that these statistics were particularly relevant and should have been presented to the trial court given defendant's claim that he had been sober for over a year. But defendant informed the trial court of his sobriety at sentencing, and the statistics cited by defendant do not specifically pertain to individuals who obtained sobriety while incarcerated. The statistics would therefore have been of limited value to the trial court in evaluating whether defendant's claimed sobriety supported a shorter sentence. For these reasons, it was objectively reasonable for defense counsel to not present the statistics relied on by defendant.

Defendant also suggests defense counsel should have sought a shorter sentence on the basis that it would allow defendant quicker access to rehabilitative resources. Defendant cites a prison policy report and news articles regarding program unavailability and staffing shortages in the Michigan Department of Corrections (MDOC). Even assuming that it is easier to obtain rehabilitative resources while not incarcerated, in this case, defense counsel argued at sentencing that defendant *was* receiving rehabilitative services while incarcerated. According to defense counsel, defendant was participating in a "neurological program," which counsel described as a pilot program for treating drug addiction, although it is unclear whether this program would continue once defendant began serving his prison sentence. Regardless, on appeal, defendant does not address the treatment he was receiving, or explain how, given that treatment, defense counsel was supposed to argue that defendant was more likely to address his drug addiction issues while not incarcerated.

Finally, defendant makes repeated references to the COVID-19 pandemic and suggests it contributed to his methamphetamine addiction and related offenses. There is no basis in the record to support this conclusion, partly because defendant declined to participate in the presentence investigation interview. The instant case was defendant's first conviction of methamphetamine possession, so perhaps there is some credence to the suggestion that defendant's methamphetamine addiction arose because of pandemic-related circumstances. However, defendant's criminal history long predates the pandemic. It is therefore unlikely that the trial court would have been swayed by an argument attempting to link defendant's possession offense to the pandemic. Defense counsel is not ineffective for failing to pursue a futile argument. See *People v Isrow*, 339 Mich App 522, 532; 984 NW2d 528 (2021).

In sum, defense counsel did call the trial court's attention to mitigating factors, including defendant's drug addiction and his participation in treatment while incarcerated in jail, and defendant has not shown that general arguments and statistics regarding drug addiction would have resulted in a shorter sentence. Accordingly, defendant has not established that defense counsel's performance at sentencing was objectively unreasonable. Further, even if defendant could show deficient performance, he has not shown that he was prejudiced by counsel's alleged errors. For

the reasons already discussed, it does not appear more probable than not that additional argument by defense counsel regarding drug addiction would have resulted in a lower sentence. The trial court did not sentence defendant to the top of the sentencing guidelines range (i.e., 46 months), but rather to a minimum sentence more toward the middle of the guidelines range (i.e., 36 months). Based on the record before us, it cannot be said that a more thorough and data-based argument on drug addiction would have likely resulted in a lower sentence.[5]

## B. MCL 333.7413(1)

Defendant next argues that a trial court should be required to articulate on the record its reason for applying the sentencing enhancement under MCL 333.7413(1). We decline to decide this issue on the merits because any error in the application of MCL 333.7413(1) was harmless in this case.[6] As noted, defendant was also sentenced pursuant to MCL 333.7413(1) in LC No. 21-012724-FH to a concurrent minimum sentence of 42 months, and he has not appealed his plea or sentence in that case. Therefore, if we were to remand, this would have no effect on defendant's longest minimum sentence. Accordingly, any error by the trial court with respect to MCL 333.7413(1) was harmless because defendant has not shown any potential prejudice. See *People v Lane*, 453 Mich 132, 141; 551 NW2d 382 (1996).

---

[5] Moreover, as discussed in Part II-B of this opinion, even if defendant could show a reasonable probability of a lesser sentence in this case, this would not affect the longest minimum sentence that he must serve in connection with this case.

[6] Defendant preserved this issue by filing a motion to remand for resentencing. See *People v Clark (On Remand)*, 315 Mich App 219, 223; 888 NW2d 309 (2016). "Sentencing decisions are reviewed for an abuse of discretion." *People v Posey*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162373); slip op at 4. "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Bass*, 317 Mich App 241, 256; 893 NW2d 140 (2016) (quotation marks and citation omitted).

We disagree with plaintiff that defendant waived this issue by not challenging the MDOC's sentencing recommendation that the "[g]uidelines are doubled due to 2nd or Sub. Offense" when the trial court asked defense counsel if she had any corrections or challenges to the presentence investigation report (PSIR). When a trial court asks if defense counsel has challenges to the PSIR, this typically refers to factual accuracy. See e.g., *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997) ("A judge is entitled to rely on the information in the presentence report, which is presumed to be accurate unless the defendant effectively *challenges the accuracy of the factual information*.") (emphasis added). We are unaware of any caselaw holding that agreeing to the accuracy of the PSIR constitutes acquiescence to the MDOC's sentencing recommendation.

## C. PRINCIPLE OF PROPORTIONALITY

Defendant also argues that his sentence was not proportionate to the offense or his circumstances. We conclude defendant fails to rebut the presumption that his within-guidelines sentence was proportionate.[7]

In *People v Posey*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 162373), the Supreme Court recently held that within-guidelines sentences are reviewed for proportionality, with a rebuttable presumption that the sentences are proportional. See *id*. at ___; slip op at 37-38 ("When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate. However, unlike a mandate that an appellate court affirm a within-guidelines sentence, the presumption of proportionality may be overcome."). Further, "challenges to within-guidelines sentences are reviewed for reasonableness according to the test outlined in [*People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017)]." *Posey*, ___ Mich at ___; slip op at 4-5. "[T]he relevant question for appellate courts reviewing a sentence for reasonableness" is "whether the trial court abused its discretion by violating the principle of proportionality . . . ." *Steanhouse*, 500 Mich at 471. The principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Walden*, 319 Mich App 344, 351-352; 901 NW2d 142 (2017) (quotation marks and citation omitted).

In this case, defendant was sentenced within the sentencing guidelines range. Therefore, there is a rebuttable presumption that he received a proportional sentence. *Posey*, ___ Mich at ___; slip op at 37-38. Defendant contends that his sentence was not tailored to his particular circumstances because the trial court did not consider a shorter sentence aimed at addressing his addiction and substance abuse problems. However, defendant's general arguments regarding addiction, relapse, and rehabilitation do not address the circumstances surrounding this offense and offender. As to the offense, defendant was driving a vehicle with a "completely smashed front windshield" while in possession of several syringes containing methamphetamine for intravenous use. Defendant did comply with the officer during the traffic stop and also consented to a search of the vehicle, but, overall, there is nothing about the circumstances of the offense that suggests a within-guidelines sentence was nonproportional. With respect to the offender, defendant has an extensive adult criminal history, including several felony and misdemeanor convictions. Moreover, while on bond for the current offense, defendant committed multiple felonies. This history cuts against defendant's arguments that (1) he should have received leniency because his methamphetamine addiction stems from the COVID-19 pandemic, and (2) that he would be more likely to address his substance abuse issues with a shorter sentence.

---

[7] "This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Lydic*, 335 Mich App 486, 500; 967 NW2d 847 (2021). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Bass*, 317 Mich App at 256 (quotation marks and citation omitted).

In sum, defendant fails to rebut the presumption of proportionality. The within-guidelines sentence for the instant offense, which was seven months less than the top of the guidelines, was reasonable.

Affirmed.

/s/ James Robert Redford
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates